U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 31 2018

TONY R. MOORE, CLERK
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 6:08-cr-00371** |
| **VERSUS** | : | **JUDGE JAMES T. TRIMBLE, JR.** |
| **SYDIRYL ANTHONY LEWIS** | : | |

## **MEMORANDUM RULING**

Before the court is a Memorandum Order of the United States Court of Appeal, Fifth Circuit, wherein this case was remanded to this court for a determination whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. Upon making this determination, this court was ordered to return the case to the Fifth Circuit for appropriate action.

## **PROCEDURAL HISTORY**

On December 10, 2008, Sydiryl Anthony Lewis was charged in a multi-count indictment with various drug trafficking and firearms offenses.[1] Lewis pleaded guilty on September 4, 2009 to Count 1 (possession with intent to distribute cocaine base[2]) and Count 7 (possession of a firearm by a convicted felon[3]).[4]

---

[1] R. #1.
[2] 21 U.S.C. § § 841(a)(1) and (b)(1)(B).
[3] 18 U.S.C. § 922(g)(1).
[4] R. #39.

1

Lewis was sentenced to 327 months' imprisonment on Count 1 and 120 months on Count 7, to be served concurrently.[5] Because Lewis' status was that of a "career offender" under U.S.S.G. §4B1.1, the sentence imposed was the high end of an advisory range.[6] Lewis' sentence was affirmed on direct appeal to the Fifth Circuit.

On May 19, 2015, Lewis filed a *pros se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), asserting that a retroactive amendment to the sentencing guidelines reduces his base offenses by two levels.[7] The Office of the Federal Public Defender was appointed to represent him in connection with the motion.[8]

On June 16, 2016, before the § 3582 motion was decided, Lewis filed a letter with the court asserting that he was eligible for a reduction in his sentence in light of Johnson v. United States.[9] Shortly thereafter, the Office of the Federal Public Defender was again appointed to represent Lewis with his Johnson-based § 2255 motion. The Court then granted a motion to withdraw filed by the Federal Public Defender with regard to the § 2255 motion.[10]

On January 11, 2018, the Court, based on the recommendation of the United States Probation Office, denied both the § 3582 and the § 2255 motion in the same order.[11] On February 15, 2018, the clerk filed into the record a "Notice of Appeal"[12] filed by Lewis. The Notice of Appeal reads as follows:

> Petitioner, Sydiryl A. Lewis, filing Pro Se, hereby gives notice of his intention to appeal, to the United States Court of

---

[5] R. #50 and 52.
[6] PSR ¶ ¶ 39, 77.
[7] R. #98.
[8] R. #99, 100.
[9] 135 S.Ct. 2551 (2015).
[10] R. #105, 106.
[11] R. #109.
[12] R. #110.

2

>Appeals for the Fifth Circuit, the order dismissing his motion Under 28 U.S.C. § 2255 to vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, . . .

On the same day the notice of appeal was filed, Lewis filed a "Motion to Reinstate Proceedings for Good Cause Pursuant to Rule 60(B)(6).[13] That motion was denied by this court.[14]

On May 30, 2018, the Fifth Circuit issued a Memorandum Order remanding the matter to this court for a determination as to whether or not Lewis' untimely appeal should be allowed upon a finding of excusable neglect or good cause pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure.[15] Rule 4 requires that a notice of appeal be filed within 14 days of entry of the judgment or order from which the appeal is taken. In the Fifth Circuit's order, it specifically referred to an order denying a motion for reduction of sentence on January 11, 2018. As provided above, the record and the Notice of Appeal does not mention a motion for reduction of sentence pursuant to § 3582, but expressly and clearly appeals only the § 2255 Johnson-based motion. This is significant because the appeal of a § 2255 motion has a 60-day time limitation for which to appeal,[16] as opposed to the 14 day statute of limitations relied upon by the Fifth Circuit. The government concedes that because the notice of appeal refers solely to the § 2255 motion, the motion was timely filed. We agree that the Lewis' notice appealed only the denial of the § 2255 motion, and thus his appeal was timely filed.

---

[13] R. #113.
[14] R. #114.
[15] R. #115; This court customarily treats the filing of an untimely notice of appeal within the thirty-day period in a criminal case as a motion for a determination whether the defendant is entitled to an extension of time to appeal. United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984). (per curiam).
[16] United States v. De Los Reyes, 842 F.2d 755, 757 (5th Cir. 1988).

3

However, because it is an appeal of a ruling on a § 2255 motion, instead of a notice of appeal, Lewis should have requested a Certificate of Appealability ("COA").[17] Hence, the government suggests that in the interests of judicial economy, we should instead determine whether a COA should be issued. The Court is persuaded to address whether or not a COA is warranted in this matter.

A COA may issue "only if the applicant has made a substantial showing of the denial of constitutional right."[18] To meet that standard a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[19]

Lewis' § 2255 motion relied upon Johnson for relief which addressed a certain provision of the Armed Career Criminal Act ("ACCA"). Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) who has three or more earlier convictions for a "serious drug offense" or a "violent felony" "committed on occasions different from one another" is subject to an enhanced penalty of 15 years to life.[20]

The ACCA defines "violent felony" as any felony that either "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"[21] The italicized text has been referred to as the "residual clause."[22] The Supreme Court in Johnson

---

[17] 28 U.S.C. 2253(c)(1).
[18] 28 U.S.C. § 2253(c)(2).
[19] Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).
[20] 18 U.S.C. § 924(e)(1).
[21] 18 U.S.C. § 924(e)(2)(B)(emphasis added).
[22] Johnson, 135 S.Ct. at 2555.

4

invalidated the residual clause in § 924 on due process grounds finding that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[23]

Lewis seems to rely upon this ruling in <u>Johnson</u> to obtain relief from the court's determination that he should be sentenced as a career offender under § 4B1.1 et seq. The career offender designation (1) determined Lewis' offense level; (2) provided an alternative basis for the finding that he was a Category VI offender; and (3) disqualified him from § 3582(c) relief.

The government maintains that this Court should deny a certificate of appealability because Lewis cannot demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[24] We agree. Lewis was convicted under § 922(g)(1), not the enhancement provisions of the ACCA. The PSR stated that the maximum penalty on his § 922(g)(1) conviction was 10 years, the unenhanced statutory maximum and no reference was made to § 924(e). Thus, we find that <u>Johnson</u> is inapplicable to Lewis' case.

---

[23] <u>Id.</u> at 2555.
[24] <u>Slack v. McDaniel</u>, 529 U.S. at 484.

5

## CONCLUSION

Based on the foregoing, the court finds that Lewis' Notice of Appeal is timely, as we find that it appealed only his § 2255 motion to vacate. The court further finds that a certificate of appealability should be denied because reasonable jurists could not debate whether this Court's denial of his § 2255 motion was wrong.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 31st day of July, 2018.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE