UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:08-CR-00371** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SYDIRIL ANTHONY LEWIS** | **MAGISTRATE JUDGE HANNA** |

**ORDER**

Before this Court is a Second Motion for Extension of Time filed by defendant, who seeks additional time to file a motion for relief pursuant to *Rehaif v. United States of America*, 139 S.Ct. 2191 (2019). [Rec. Doc. 133]. However, the Court finds no extension necessary, as Lewis is not entitled to such relief and any motion seeking same would be futile.

**I.    Background**

On September 4, 2009, Lewis pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Rec. Doc. 39]. On November 30, 2009, the Court sentenced Lewis to 327 months' imprisonment and eight years' supervised release and on December 9, 2009, the Court entered a judgment reflecting same. [Rec. Docs. 50, 52].

On March 5, 2020, upon consideration of a Joint Motion Agreeing to Eligibility for First Step Act Sentence Reduction [rec. doc. 126], the Court amended its December 9, 2009 judgment as follows:

> Defendant's term of imprisonment on Count 1 is REDUCED to 212 months, Defendant's term of imprisonment on Count 7 REMAINS 120 months, and the sentences are to run concurrently thereby resulting in a total term of imprisonment of 212 months; Defendant's term of supervised release is REDUCED to six years.

[Rec. Doc. 128].

On September 9, 2020, this Court granted defendant's first request for an extension of time to file "whatever motion for relief he [was] contemplating." [Rec. Doc. 130]. On November 5, 2020, defendant filed a second request for extension for time to file a motion for relief pursuant to *Rehaif v. United States of America*, 139 S.Ct. 2191 (2019). [Rec. Doc. 133].

## II.   Law and Analysis

Defendant filed the instant motion seeking relief under *Rehaif*, *supra*, presumably under the impression that *Rehaif* announced a new rule of law that applies retroactively. However, in *Rehaif*, the Supreme Court merely clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g). *Rehaif*, 139 S. Ct. at 2195-96. Thus, *Rehaif* did not announce a new rule of constitutional law.

Rather, *Rehaif* addressed an interpretation of statutory law. *United States v. Hernandez*, No. 97-CR-60039-01, 2020 U.S. Dist. LEXIS 34510, *12 (W.D. La. Feb. 27, 2020) (citing *United States v. May,* 3:16-CR-127, 2019 U.S. Dist. LEXIS 203817, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 217364, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019) ("Certainly Rehaif embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation."); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that Rehaif resolved a matter of statutory construction); *Littlejohn v. United States*, 2019 U.S. Dist. LEXIS 200980, 2019 WL 6208549, at *2 (W.D. N.C. 2019) ("Rehaif did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)")).

Moreover, although the Fifth Circuit has not considered this issue, no language in *Rehaif* suggests that the decision was applicable to cases on collateral review, and this Court has previously held that the Supreme Court did not make *Rehaif* retroactive to cases on collateral review. *Id.* at *13, *see also United States v. Benton*, No. 3:12-00118, 2020 U.S. Dist. LEXIS 7342, 2020 WL 132276, (W.D. La. Monroe Division, Jan. 9, 2020).

Accordingly,

**IT IS ORDERED** that defendant's Second Motion for Extension of Time to seek relief under *Rehaif* is **DENIED**, as such relief is not available and any motion seeking same would be futile.

THUS DONE in Chambers on this 10th day of November, 2020.

                                            **Patrick J. Hanna**
                                    **United States Magistrate Judge**